IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GREAT LAKES REINSURANCE (UK) PLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | _____ |
| ) | |
| MICHAEL DAFFUSE, ) | Suit for declaration of non-coverage on |
| ) | insurance contract |
| Defendant. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Great Lakes Reinsurance (UK) plc ("Great Lakes"), pursuant to 28 U.S.C.A. § 2201, *et seq.*, and hereby files this action seeking a declaration of non-coverage under an insurance policy as follows:

**CERTIFICATE OF INTERESTED PARTIES**
**S.D. Ga. LR 3.2**

The undersigned, counsel of record for Great Lakes, certifies that the following is a full and complete list of the parties in this action:

| Name | Identification & Relationship |
|---|---|
| Great Lakes Reinsurance (UK) plc | Plaintiff |
| Michael Daffuse | Defendant |

The undersigned further certifies that the following is a full and complete list of officers, directors, or trustees of the above-identified parties and any parent corporation and any publicly held corporation owning 10% or more of its stock:

| Name | Identification & Relationship |
|---|---|
| Tony Medniuk | Non Executive Director and Chairman, Great Lakes |
| Dr. Guido Funke | Non Executive Director, Great Lakes |
| Nigel Smith | Non Executive Director, Great Lakes |
| August Pröbstl | Non Executive Director, Great Lakes |
| Peter Göschl | Chief Executive Officer, Great Lakes |
| Greg Guelfand | Chief Financial Officer, Great Lakes |
| S. G. Pendlebury | Secretary, Great Lakes |
| Munich Re | Parent corporation that wholly owns Great Lakes |

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship):

| Name | Identification, Relationship & Interests |
|---|---|
| Munich Re | Financial interest as parent corporation of Great Lakes |

## **THE PARTIES**

1.

Great Lakes is a foreign entity organized under the laws of England and Wales with its principal place of business in London, England, United Kingdom. Great Lakes is not a citizen of the State of Georgia.

2.

Defendant Michael Daffuse ("Daffuse" or the "Defendant") is a citizen of the State of Georgia and resident of the City of Keysville, Richmond County, Georgia and is subject to the jurisdiction of this Court.  Service may be had upon Defendant at 145 Moxleyville Road, Keysville, Georgia 30805.

## JURISDICTION AND VENUE

3.

Great Lakes files this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

4.

The Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between Great Lakes and the Defendant, and the amount in controversy exceeds $75,000.00.

5.

The Court has personal jurisdiction over Daffuse because he is a citizen and resident of the State of Georgia.

6.

Venue in this District and Division is proper under 28 U.S.C. § 1391(a)(1) and (2) and S.D. Ga. LR 2.1(a).

7.

An actual case and controversy of a judiciable nature exists between Great Lakes and Daffuse involving their rights and obligations, if any, under the Policy. Great Lakes is therefore permitted to bring this declaratory judgment action in this Court.

**FACTUAL BACKGROUND**

8.

This insurance coverage declaratory judgment action arises out of a claim asserted by Daffuse in connection with an alleged fire loss at his property located at 145 Moxleyville Road, Keysville, Georgia (the "Property") on or about January 15, 2011.

9.

Great Lakes subscribed to commercial property insurance policy, Policy No. LK501029, insuring Daffuse as to two buildings on the Property (a workshop and an office building), as well as the business personal property located therein for the period from February 2, 2010 to February 2, 2011 (the "Policy"), subject to the Policy's terms, conditions, limits and exclusions. A true and correct copy of the Policy is attached hereto as Exhibit A.

10.

On or about January 15, 2011, a fire allegedly caused damage to the Property, including damage to the workshop and the contents thereof.

11.

As a result of the January 15, 2011 fire, Daffuse filed a claim with Great Lakes seeking coverage under the Policy for, *inter alia*, business personal property allegedly destroyed in the fire (the "Claim"). Specifically, Daffuse claimed damage in the following amounts: (1) $27,000

for damage to the workshop building; and (2) $250,000 for damage to the business personal property contained in the workshop.

12.

To evaluate Daffuse's business personal property claim, Great Lakes elected to take Daffuse's examination under oath.

13.

On or about April 14, 2011, before the examination under oath, Great Lakes paid $27,000 to Daffuse for the damage to the workshop building (representing the sublimit of liability for "Building Coverage" for the workshop).

14.

After investigating the Claim and taking Daffuse's examination under oath on December 7, 2011, and January 24, 2012, Great Lakes rescinded the Policy due to its discovery of material misrepresentations on Daffuse's application for insurance (the "Application"), which was submitted on or about February 2, 2010.  A complete and accurate copy of the Application is attached hereto as Exhibit B.

15.

Specifically, on the Application, Daffuse represented that he had no prior insurance on the Property and "no losses" or claims on the Property during the prior five (5) years.  See Exhibit B, Page 2.

16.

However, at his examination under oath conducted on December 7, 2011 and January 24, 2012, Daffuse admitted that not only did he have prior insurance on the Property within five (5)

years of the Application, but the Property also suffered a prior fire loss on or about July 4, 2007 (the "Prior Loss"), for which State Farm Insurance Company paid Daffuse in excess of $25,000. A true and correct copy of the relevant portions of Daffuse's examination under oath are attached hereto as Exhibit C.

17.

Had the Prior Loss been disclosed to Great Lakes on Daffuse's Application, Great Lakes would not have issued the Policy.

18.

Further, had this misrepresentation been discovered on or before April 14, 2011, Great Lakes would not have paid $27,000 for the damage to the workshop.

19.

Based on this material misrepresentation regarding the Prior Loss on Daffuse's Application, Great Lakes timely and properly rescinded the Policy on April 23, 2012 and refunded to Daffuse all of his premium(s) paid on the Policy, totaling $2,190.24. A complete and accurate copy of the Rescission Notice and Refund Check are attached hereto as Exhibit D.

20.

Great Lakes respectfully requests a judicial determination that the Claim is not covered by the Policy, as the Policy is void *ab initio* due to rescission for material misrepresentations made on the Application. O.C.G.A. § 33-24-7(b).

## THEORIES OF RECOVERY –
## COUNT I: COVERAGE IS BARRED DUE TO RESCISSION

21.

Great Lakes incorporates each and every one of the preceding paragraphs, as if fully stated herein.

22.

O.C.G.A § 33-27-7(b) provides in relevant part as follows:

> (b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
> (1) Fraudulent;
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
> (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

23.

Rescission was proper under O.C.G.A. § 33-24-7(b)(3) because, had the Prior Loss been disclosed in the Application, Great Lakes either would not have issued the Policy or would not have issued it in as large an amount or at the same premium rate or would not have provided coverage with respect to the hazard causing the alleged loss to the Property.

24.

In the alternative, rescission was also proper under O.C.G.A. § 33-24-7(b)(2) because the misrepresentation on the Application regarding the Prior Loss was material in that it changed the nature, extent, or character of the risk and would have affected a prudent insurer.

25.

Great Lakes' rescission was proper because: (1) Great Lakes' rescission met at least one of the tests under O.C.G.A. § 33-24-7(b); and (2) Great Lakes promptly and timely rescinded the Policy upon the discovery of the Prior Loss.  Exhibit D.

26.

Accordingly, the Policy is void *ab initio* and the Claim is not covered.  Therefore, Great Lakes has no duty to indemnify Daffuse for the Claim.

### COUNT II:  RESTITUTION/UNJUST ENRICHMENT

27.

Great Lakes incorporates each and every one of the preceding paragraphs, as if fully stated herein.

28.

Before the aforementioned material misrepresentation regarding the Prior Loss was discovered, on or about April 14, 2011, Great Lakes paid $27,000 (which is the sublimit for Building Coverage for the workshop under the Policy) to Daffuse for damage to the workshop building.

29.

Because the Policy is void *ab initio* due to rescission as explained in Count I, Great Lakes is entitled to repayment of the $27,000 it paid to Daffuse for the damage to the workshop building before the material misrepresentation was discovered, and Daffuse has no lawful right to this money.

30.

Accordingly, Great Lakes respectfully requests the Court award it $27,000 in restitution plus prejudgment interest from April 14, 2011.

WHEREFORE, Great Lakes hereby requests that a judgment be entered for Great Lakes and against Defendant as follows:

1) determining and providing that Daffuse made material misrepresentations on his Application sufficient to support rescission under O.C.G.A. § 33-24-7(b);

2) determining and providing that Great Lakes' rescission of the Policy was proper and valid in all respects;

3) determining and providing that the Policy is void *ab initio* due to rescission;

4) determining and providing that the Claim is not covered due to rescission of the Policy;

5) determining and providing that Great Lakes owes nothing to Daffuse under the Policy for the Claim;

6) entering judgment in favor of Great Lakes and against Daffuse on any and all grounds set forth in this Complaint;

7) awarding Great Lakes $27,000 in restitution plus prejudgment interest from April 14, 2011; and

8) awarding all other relief, in law and equity, to which Great Lakes may be entitled.

Respectfully submitted, this 13th day of September, 2012.

                                        **FIELDS HOWELL**

                                        */s/ Gregory L. Mast*

| | |
|---|---|
| 191 Peachtree Street, NE, Suite 4600 | Paul L. Fields, Jr. |
| Atlanta, GA 30303 | Georgia Bar No.: 003420 |
| Telephone: 404.214.1250 | Gregory L. Mast, |
| Facsimile: 404.214.1251 | Georgia Bar No.: 476191 |
| pfields@fieldshowell.com | *Attorney for Plaintiff Great Lakes Reinsurance* |
| gmast@fieldshowell.com | *(UK) plc* |

-10-